PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1994 Nissan Sentra struck a rock while she was driving south on Route 28, approximately two miles north of Seneca Rocks in Pendleton County. Route 28 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at 2:00 a.m. on Saturday, May 19, 2007. Route 28 is a two-lane, paved road with a posted speed limit of fifty-five miles per hour. The incident occurred as claimant was driving from Petersburg to Seneca to pick up newspapers to deliver for her stepfather’s paper route. As she was driving on Route 28 at approximately forty miles per hour, her vehicle struck a rock in the road. The rocks were scattered on both sides of the road, and she was able to avoid the rocks except for one. Claimant’s mother, Tina Rose Shrout, was a passenger in the vehicle at the time of the incident. On their way back to Petersburg, Ms. Shrout stopped and removed some of the rocks from the road. She stated that the largest rocks were approximately one foot *141 in diameter. As a result of this incident, claimant’s vehicle sustained damage to its right rear tire in the amount of $50.00.
The position of the respondent is that it did not have notice of the rocks on Route 28. Darell Wamer, Maintenance Supervisor in Pendleton County, testified that there is a high bank on the left side of the road on Route 28 north towards Petersburg. He stated that rocks have been known to fall from the bank and onto the roadway, but respondent did not have any information regarding this incident. Respondent has placed falling rock signs on both sides of the road to warn the traveling public of the potential for rock falls. In addition, respondent has placed concrete barriers to catch any rocks that fall from the bank and onto the roadway. Respondent cleans the area behind these barriers approximately every year or two years.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dep’t. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t. of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 28 in Pendleton County. Mr. Warner testified that respondent has placed falling rock signs and concrete barriers to prevent accidents in this area. The Court cannot hold respondent liable for the spontaneous falling of a rock. While the Court is sympathetic to claimant’s plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.